IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND WAYNE SULLIVAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:12-CV-4086-D |
| VS. | § | |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

The court declines to act on the October 23, 2012 objections of petitioner Raymond Wayne Sullivan ("Sullivan") to the magistrate judge's order transferring this habeas matter to the Austin Division of the Western District of Texas, and it concludes that Sullivan's letter to the clerk of court, dated October 18, 2012, should not have been docketed as a motion.

I

Sullivan is a state prisoner currently incarcerated in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. He filed in this court the instant habeas petition under 28 U.S.C. § 2254, seeking relief regarding his July 15, 1992 convictions in Williamson County, Texas for aggravated sexual assault. The Allred Unit is located in the Wichita Falls Division of this court, and Williamson County is located in the Austin Division of the Western District of Texas. Under 28 U.S.C. § 2241(d), Sullivan was permitted to file the petition in either district. And this court was authorized by § 2241(d) "in the exercise of its discretion and in furtherance of justice [to] transfer the application to the other district court for hearing and determination."

On October 15, 2012 the magistrate judge ordered that this habeas matter be transferred to the Austin Division of the Western District of Texas. She recognized that Sullivan could have filed his petition in the Wichita Falls Division of this court or the Austin Division of the Western District of Texas, but she concluded that "the place of conviction is the most convenient forum in this case." Order at 2.

On October 23, 2012 Sullivan filed two sets of objections to the magistrate judge's order and submitted a letter to the clerk of court that has been docketed as a motion for reconsideration. Both sets of objections are addressed to the "District Judge." Sullivan states that he would not object if his petition were transferred to the Wichita Falls Division of this court, but he does object to transferring this matter to the Austin Division of the Western District of Texas.

II

A

The court declines to act on Sullivan's objections filed on October 23, 2012. Under Rule 2(a)(3) of this court's Miscellaneous Order No. 6, "[u]nless otherwise directed by the presiding district judge, a magistrate judge serving within the Northern District of Texas is authorized, without further order of the court, to perform the following duties in all actions filed by prisoners[:] . . . [o]rder that the matter be transferred to another district or division . . . when venue is more appropriate in another district or division[.]" N.D. Tex. Misc. Order. No. 6, Rule 2(a)(3), *reprinted in* Texas Rules of Court: Federal at 297 (West Pamp. Supp. 2012). Accordingly, although Rule 2(a) empowers the presiding district judge to withhold from a magistrate judge the authority to perform one or more of the duties specified in the Rule, if the presiding district judge does not withhold that authority with respect to a transfer under Rule 2(a)(3), the magistrate judge's decision is final and

not subject to district judge review.[*]  Instead, a party who disagrees with a transfer order must at the proper time appeal the decision to the court of appeals and demonstrate that it was an abuse of discretion.  *See, e.g., Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982) (noting in case that was transferred, pursuant to court custom, to district where petitioner's trial had taken place, that petitioner had failed to establish that transfer was abuse of discretion under § 2241(d)).

B

The court concludes that Sullivan's letter to the clerk of court, dated October 18, 2012, should not have been docketed as a motion.  It is a transmittal letter that refers to the objections that he filed.

*   *   *

The court declines to act on Sullivan's October 23, 2012 objections to the magistrate judge's order transferring this habeas matter to the Austin Division of the Western District of Texas, and it concludes that Sullivan's letter to the clerk of court, dated October 18, 2012, should not have been

---

[*]The court does not suggest that any other provision of Rule 2(a) authorizes a magistrate judge to enter an order that is not subject to some form of review by the presiding district judge.  The court need not decide that question, however, in determining whether district judge review of a transfer order entered under Rule 2(a)(3) is available.

docketed as a motion.

**SO ORDERED**.

October 31, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE